KEASBEY & MATTISON CO. v. AMERICAN MAGNESIA & COVERING CO.

(Circuit Court, E. D. Pennsylvania. August 27, 1906.)

No. 30.

APPEAL—DETERMINATION—MANDATE OF APPELLATE COURT—COMPLIANCE—
PATENTS—DECREE IN SUIT FOR INFRINGEMENT.

Where a decree of the Circuit Court adjudging the invalidity of a patent in a suit for its infringement has been reversed by the appellate court, and the case remanded with express direction to enter a decree "declaring the validity of the patent, and adjudging that claim 1 of said patent has been infringed by the defendant," the Circuit Court has no discretion to vary from such mandate by adjudging only that claim 1 of the patent is valid and infringed.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 4668.]

On Motion to Settle Interlocutory Decree.

See 137 Fed. 602.

Edward K. Jones, for complainant.
H. S. MacKaye and Kenyon & Kenyon, for respondent.

J. B. McPHERSON, District Judge.   I do not feel at liberty to disregard the express direction contained in the mandate of the Court of Appeals; and, in accordance with that direction, the decree must, therefore, declare that the patent is valid, and that claim 1 has been infringed.   Merely to decree now (as the defendant proposes) that the patent is valid so far as claim 1 is concerned would be to modify the decree and mandate of the Court of Appeals in an important respect, with regard to which I do not think that I have any discretion.

So, also, concerning the costs in the Circuit Court.   It is true that the decision of the Court of Appeals is particularly directed to claim 1 of the patent, and that the language of that court in reference to claims 3 and 5 may perhaps, in strictness, be regarded as dictum. But, even thus regarded, it is certainly indicative of the appellate court's opinion concerning the validity of these two claims and their infringement by the defendant, and cannot fail to have a strong influence upon the discretion of the Circuit Court when it comes to be exercised upon the apportionment of the costs that have accrued below.   I hold, therefore, that the complainant is entitled to recover full costs in the Circuit Court, and to recover them now, after proper taxation by the clerk.   Costs hereafter accruing will be dealt with in the final decree.

A master will be appointed in a short time to take the usual account.